## Cole Shows *v.* State of Mississippi.

### [45 South., 705.]

1. Criminal Law and Procedure. *New trial. Absent witness.*

   A new trial will not be granted because of the absence of a witness if no postponement nor continuance were asked on that ground.

·2. Same. *Newly-discovered evidence. Showing.*

   A new trial for newly-discovered evidence will not be granted in the absence of a showing that it was unknown to defendant and his counsel after the exercise of due diligence when the trial began.

From the circuit court of Lamar county.

Hon. W. H. Cook, Judge.

Shows, appellant, was indicted and tried for unlawfully selling intoxicants, convicted and sentenced to payment of fine and imprisonment, and appealed to the supreme court.

When the case was called for trial, appellant, although aware that one of his witnesses, Gates, was not present, stated that he would "waive the presence of this absent witness," and announced ready for trial. The jury having returned a verdict of guilty, appellant made a motion for a new trial "for reasons set out in the affidavit on file in this cause." The substance of the affidavit is shown in the opinion of the court. The motion was overruled.

*J. T. Garraway,* for appellant.

Appellant's affidavit in support of his motion for a new trial set forth the existence of newly discovered evidence which could be secured in case of a new trial. The court below should have sustained the motion. *In re McManus,* 72 N. Y. Suppl., 409..

*George Butler,* assistant attorney-general, for appellee.

The record discloses some nonreversible errors in the exclusion of evidence sought to be introduced by appellant, but no complaint thereof was made in appellant's motion for a new trial, the motion being in these words: "now comes the defendant by his attorney, and moves the court to set aside the jury's verdict and grant him a new trial for the reasons set out in the affidavit on file in this cause." Reference to the affidavit shows that the reasons alleged were the absence of certain witnesses who would testify about the same as other witnesses for appellant had already testified in the case.

It will be noted that no application for continuance was made by appellant because of the absence of his witnesses, when the case was first called for trial.

As regards the witness, Stokes, the affidavit avers that "affiant has been informed since the verdict of the jury that one Bud Stokes, will also testify to the same facts, and that he now resides at Ellisville, Mississippi, and can be reached by process of this court." But the affidavit does not show that the absent witness' testimony could not have been discovered by reasonable diligence, or that it was not in fact known by appellant.

Calhoon, J., delivered the opinion of the court.

This is an indictment, trial and conviction of unlawful sale of spirituous liquors. The motion for a new trial is based solely on the grounds "set out in the affidavit on file in this cause."

The affidavit shows the absence of one Gates, who had been subpoenaed, and process of attachment issued and returned "Not found." The trouble is that no application for postpone-

ment or continuance because of his absence was made. As to the other witness, Bud Stokes, the affidavit does not show that his testimony could not have been known of with reasonable diligence or that it was not known of in fact, by appellant or his counsel.

*Affirmed.*